| Case No. | **CV 19-6664-DMG (JPRx)** | Date | August 5, 2019 |
|---|---|---|---|
| Title | ***Palumbo Design, LLC v. 1169 Hillcrest LLC, et al.*** | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

On June 21, 2019, Plaintiff Palumbo Design, LLC filed a First Amended Complaint in Los Angeles County Superior Court against Defendants 1169 Hillcrest, LLC; NEM 2 LLC; and Neil Moffitt, alleging the following state-law causes of action: (1) breach of contract, and (2) quantum meruit. *See* Removal Notice, Ex. A at 4–18 (First Am. Compl.) [Doc. # 1-1].[1] On August 1, 2019, Defendants NEM 2 LLC and Moffitt (the "Removing Defendants") removed the action, invoking this Court's diversity jurisdiction under 28 U.S.C. section 1332(a). [Doc. # 1.]

Under 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had original jurisdiction over the action had it been filed in that court. Pursuant to 28 U.S.C. section 1332(a)(2), a district court shall have jurisdiction over a civil action between citizens of a state and citizens or subjects of a foreign state in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). As there is a "'strong presumption' against removal jurisdiction[,]" an action should be remanded "if there is any doubt as to the right of removal . . . ." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The Removing Defendants allege that NEM 2 LLC is the sole member of 1169 Hillcrest, LLC; Moffitt is the sole member of NEM 2 LLC; and Moffitt is domiciled in the United Kingdom. *See* Removal Notice at ¶¶ 4–6 [Doc. # 1]. Therefore, the Removing Defendants have alleged sufficient facts to show that they are citizens of the United Kingdom. *See Johnson v. Columbia Props. Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); *Kanter v. Warner-Lambert Co.*, 265

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-6664-DMG (JPRx) | Date | August 5, 2019 |
|---|---|---|---|
| Title | *Palumbo Design, LLC v. 1169 Hillcrest LLC, et al.* | Page | 2 of 2 |

F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is . . . determined by [his or] her state of domicile . . . ."). Nonetheless, the Removing Defendants do not identify the state(s) of citizenship of Plaintiff's owners and/or members. Instead, the Removing Defendants apparently believe that Plaintiff is a California citizen merely because it is a California limited liability company that has its headquarters in Los Angeles. *See* Removal Notice at ¶ 3 [Doc. # 1]. Therefore, the Removing Defendants have failed to demonstrate that this Court has diversity jurisdiction over this case.

The Removing Defendants are hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction. The Removing Defendants shall file a response by no later than **August 12, 2019. Failure to timely file a satisfactory response by this deadline will result in the remand of this action.** Plaintiff shall file a reply, if any, by **August 19, 2019. Each party's brief, exclusive of supporting declarations, shall not exceed 10 pages.**

**IT IS SO ORDERED.**